UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
***************************
ELAINE L. CHAO, Secretary of Labor,   *
 United States Department of Labor,   *
                                      *
        Plaintiff,                    *
                                      *
                                      *    CIVIL ACTION
    v.                                *
                                      *    FILE NO.  05-10228- REK
BLASE, INC., BRIAN HART, AND          *
 CHRISTINE HART                       *
                                      *
        Defendants.                   *
***************************
```

## JUDGMENT

Plaintiff having filed a complaint and the defendants having appeared, received a copy thereof, waived service of process and consented to the entry of this judgment without contest.

It is, therefore, ORDERED, ADJUDGED and DECREED that defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as the Act, in any of the following manners;

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR 516.

The defendants represent that they have been in compliance with the Act since January 1, 2004. In resolving the amount of back wages in this judgment, the plaintiff has relied on this representation, and, accordingly, the back wage provision of this judgment shall have no effect upon any back wages which may have accrued since that date.

Further, the Court finding as agreed to by the defendants that employees are due compensation in the amount of $16,809.83, and, further, that the defendants owe to plaintiff a civil money penalty in the amount of $3,000, it is

ORDERED, ADJUDGED and DECREED that the defendants are restrained from withholding payment of said compensation and said civil money penalty.

The back-wage provisions of this judgment shall be deemed satisfied when defendants deliver the above amounts according to the schedule set forth in the attached "Exhibit A". The Plaintiff will make distribution accordingly to individual employees, less deductions for each employee's share of social security and withholding taxes. The defendants shall pay the employer's share thereof. When recovered wages have not been claimed by any employee within three years, the Secretary of Labor shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 USC 216(c).

Defendants shall not, under any circumstances, accept and keep any amount returned to by any person paid compensation under this judgment. Any such amount shall be immediately paid to the plaintiff as above.

It is further ORDERED, ADJUDGED and DECREED that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated 3/24/05

*Senior* _____
United States District Judge

Defendants hereby consent to
the entry of this judgment:

By _____

Plaintiff moves for entry of
this judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

_____
John S. Casler
Deputy Regional Solicitor
BBO# 078060

U.S. Department of Labor
Attorneys for Plaintiff

3

## EXHIBIT A

Defendants shall pay:

$10,000.00 paid in back wages upon execution of agreement;

$ 5,000.00 in back wages paid by May 1, 2005

$ 1,809.83 in back wages paid by August 1, 2005

$ 3,000.00 in Civil Money Penalty paid September 1, 2005.